UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY S. RANKER,

          Plaintiff,

     v.

KITSAP COUNTY SHERIFF'S OFFICE AND JAIL,

          Defendants.

CASE NO. C10-5950BHS/RJC

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENT COMPLAINT

      The Court, having reviewed plaintiff's complaint, (ECF No. 1), and the balance of the record contained herein, does hereby find and ORDER the following:

      Plaintiff complains of an assault by another inmate at the Kitsap County Jail but he names only the Sheriff's Office and the Jail as defendants. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are

ORDER - 1

present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In order to set forth a claim against a municipality under § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. See Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989), (*quoting* Monell at 694).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989).

ORDER - 2

1   Plaintiff's complaint is deficient because he does not name a person as a defendant and
2 provides no facts how a Kitsap County policy or custom is at issue.
3   Accordingly, this court orders plaintiff to file an amended complaint curing the
4 deficiencies in the original complaint by **February 18, 2011**.  If plaintiff fails to cure these
5 deficiencies the court will recommend dismissal of this matter as frivolous and for failure to state
6 a claim.
7   The Clerk is directed to send copies of this order to plaintiff.
8   DATED this 12th day of January, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3