UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY RANKER,<br><br>              Plaintiff,<br><br>     v.<br><br>KITSAP COUNTY SHERIFF'S OFFICE, et al.,<br><br>              Defendants. | Case No.  C10-5950BHS/JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED June 3, 2011 |

       This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

       On January 12, 2011, the court ordered plaintiff to file an amended complaint and cure the defects in his original filing (ECF No. 6). The court gave specific guidance as to what the defects were. Further, the court warned plaintiff that failure to cure the defects would result in a Report and Recommendation that the action be dismissed as frivolous and for failure to state a claim.

       Plaintiff sought and received an extension of time to file the amended complaint (ECF No. 8, 9). On April 20, 2011, plaintiff filed his amended complaint. He has taken the original complaint, added the name of defendant Ernie Woleb on the caption, and re-sent the document.

REPORT AND RECOMMENDATION- 1

He provides no facts regarding defendant Woleb.  He does not cure any of the defects specified in the court's January 12, 2011 order.

Plaintiff has been given an opportunity to cure the defects in his filing and he has failed to do so.  Rather than correct the listed defects, it has taken plaintiff three months to write the name "Ernie Woleb" in the caption.  He has not made sufficient allegations against Mr. Woleb, nor alleged any facts against the Kitsap County Sheriff's Office to state a claim for relief..  The court recommends dismissal of this action for failure to state a claim, and for failure to comply with a court order.

Fed R. Civ. P. 41 (b) grants the court the authority to dismiss an action for failure to comply with a court order.  Further, the amended complaint contains the same defects outlined in the court's January 12, 2011, order.  The complaint fails to state a claim.  Pursuant to 28 U.S.C. 28 1915 (d)(2)(B) (ii) the action is also subject to dismissal.  This dismissal is a strike pursuant to 28 U.S.C. 1915 (g).

In forma pauperis status should be revoked for the purposes of appeal.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court Judge.  See 28 U.S.C. 636 (b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 3, 2011, a**s noted in the caption.

Dated this 9th day of May, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2